U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2019 MAY -7 AM 11:41

CLERK

BY GTW
DEPUTY CLERK

| | |
|---|---|
| TOBY TUCKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>REAL TIME RESOLUTIONS, INC., and PYOD, LLC<br><br>Defendants. | Civil Case Number:  5:19-cv-73<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff TOBY TUCKER (hereinafter, "Plaintiff"), a Vermont resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant REAL TIME RESOLUTIONS, INC., (hereinafter "REALTIME") and PYOD, LLC, (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Vermont consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Vermont and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. REALTIME is a collection agency with its registered office located at 5127 Spyglass Drive, Dallas, Texas 75287.

8. REALTIME is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. PYOD, LLC is a corporation with its principal place of business at 625 Pilot Road, Las Vegas, Nevada.

10. PYOD, LLC is a business whose primary purpose is to purchase non-conforming consumer debts.

11. Defendants are "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to September 17, 2018, an obligation was allegedly incurred to original creditor SPRINGLEAF FINANCIAL SERVICES, INC. ("SPRINGLEAF").

15. The SPRINGLEAF obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged SPRINGLEAF obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. SPRINGLEAF is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Some time prior to September 17, 2018, the SPRINGLEAF debt was assigned to or purchased by PYOD LLC.

19. REALTIME contends that the PYOD LLC debt is past due.

20. REALTIME collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about September 17, 2018, REALTIME caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged PYOD LLC debt. *See* **Exhibit A.**

22. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Letter stated in part:

> "…we are offering you the opportunity to resolve your account for less than you owe:  Resolve your account today for $879.84!."

25. The Letter further stated:

    "To resolve this account, you must pay one lump sum of **$879.84 and provide a signed copy of this letter to RTR on or before 10-31-2018**. This will be accepted as resolution of the account with no recourse by either yourself or Real Time Resolutions, Inc."

26. Upon information and belief, the debt the Defendant is attempting to collect on is passed the state of Vermont's statute of limitations.

27. Defendants regularly send collection letters with offers to "resolve" on debts which the statute of limitations has expired.

28. Nothing in the collection letters disclose that the alleged debt was barred by the statute of limitation, nor give any indication of how old the debt is.

29. Upon reading the Letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the PYOD LLC debt as REALTIME was offering to "resolve" the account.

30. The Letter falsely implies that the PYOD LLC debt is legally enforceable by making Plaintiff an offer to resolve his account

31. The Letter further requires the Plaintiff to sign a disclaimer releasing Defendants of any potential legal claims.

32. It is the policy of the Defendant to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-barred debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

33. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of

limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

34. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

35. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

36. Several circuit courts have addressed this issue, including most recently the 11th Circuit in the matter of *Stephen Holzman, vs. Malcolm S. Gerald & Associates, Inc. and LVNV Funding, LLC*, Case No. 16-16511, where the panel unanimously agreed that sending a collection letter which makes an offer to "resolve" on a time barred debt, without disclosing that the debt is time-barred, may be "false, deceptive, or misleading" to the recipient of the letter in violation of §1692e of the FDCPA. In support, the 11th Circuit refers to recent decisions in the Third, Fifth, Sixth, and Seventh Circuits.

## CLASS ALLEGATIONS

36. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Vermont b) who were sent a collection letter from REALTIME c) attempting to collect a consumer debt owed to PYOD LLC, d) on a debt that is passed the relevant statute of limitations e) which makes an offer to "resolve" f) without disclosing that the debt was time barred, g) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

38. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

40. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined

in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any

      interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

39. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: ...**

40. The Defendants violated said provision by:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. §1692e and 1692e(5);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

41. By reason thereof, Defendants liable to Plaintiff for judgment that their conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court

9

may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 6, 2019

_____
Andrew B. Delaney, Esq.
MARTIN & DELANEY LAW GROUP
100 North Main Street, Suite 2
P.O. Box 607
Barre, VT 05641
Tel: (802) 479-0568 ext 3
Email: andrew@martinassociateslaw.com

**PRO HAC VICE APPLICATION FORTHCOMING**
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*